IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JOHN P. COCKELL                                                                       PLAINTIFF

V.                                                         CIVIL ACTION NO. 1:06CV23-M-A

JO ANNE B. BARNHART,
Commissioner of Social Security                                                       DEFENDANT

## REPORT AND RECOMMENDATION

This case involves an application pursuant to 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying the application of plaintiff John P. Cockell for disability insurance under Title II and Supplemental Security Income benefits under Title XVI of the Social Security Act. The district court's jurisdiction over plaintiff's claim rests upon 28 U.S.C. § 1331.

## STATEMENT OF THE CASE

Plaintiff John P. Cockell protectively filed his application for disability insurance benefits on January 23, 2002, alleging that he became disabled on January 19, 2002, due to shoulder pain, arm pain and back pain. (R. at 109.) His claim was denied initially and on reconsideration, and plaintiff requested a hearing before an administrative law judge. The plaintiff's hearing on this matter was held before administrative law judge (ALJ) Barry Anderson on May 17, 2005.

The ALJ's decision dated June 13, 2005, states that "[t]he record was held open after the hearing for the purpose of obtaining Dr. Gore's treatment records; however, those records were not forthcoming." (R. at 14.) Indeed, the plaintiff's attorney submitted supplemental medical evidence – which make up pages 24-54 of the instant record – on May 26, 2005. These post-hearing exhibits include an updated July 10, 2003, report by treating physician Dr. Thorderson; a

February 29, 2003, opinion by treating physician Dr. Rice; and records, medical source statements and answered disability questionnaires by treating physician Dr. Gore regarding plaintiff's depression in addition to physical impairments.

Without the benefit of twenty additional pages of medical evidence, some of which constituted the sole records concerning plaintiff's mental impairment, the ALJ found that the claimant was not disabled within the meaning of the Social Security Act in that he could perform a significant number of sedentary jobs in the national economy. The plaintiff's request for review by the Appeals Council was denied on December 20, 2005; thus, the ALJ's decision became the final decision of the Commissioner and was appealed to this court.

Plaintiff's brief essentially argues that (1) the ALJ erroneously failed to properly consider all relevant medical records that were submitted after the hearing but before the ALJ issued his decision[1] and (2) that the questions posed to the vocational expert were based upon insufficient medical records and, consequently, failed to include an accurate representation of plaintiff's physical and mental impairments.

## DISCUSSION

A. <u>Standard of Review</u>

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence in the record as whole and whether the Commissioner used the correct legal standard. *Legget v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). "To be substantial, evidence must be relevant and sufficient for a reasonable mind to accept it as adequate to support a conclusion; it must be more than a scintilla but it need not be a preponderance . . . ." *Anderson v. Sullivan,*

---

[1] The court condenses the plaintiff's first and second issue into one ground.

887 F.2d 630, 633 (5th Cir. 1989) (citation omitted). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994) (citing *Richardson v. Perales,* 402 U.S. 389, 390 (1971), *overruled on other grounds by Sims v. Apfel*, 530 U.S. 103, 108 (2000)). However, a decision is not substantially justified if the facts are not fully and fairly developed. *Boyd v. Apfel*, 239 F.3d 698, 708 (5th Cir. 2001) (citing *Newton v. Apfel*, 208 F.3d 448, 458 (5th Cir 2000)). Conflicts in the evidence are for the Commissioner to decide, and if substantial evidence is found to support the decision, the decision must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court may not re-weigh the evidence, try the case *de novo*, or substitute its own judgment for that of the Commissioner, *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988), even if it finds that the evidence leans against the Commissioner's decision. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988). If the Commissioner's decision is supported by the evidence, then it is conclusive and must be upheld. *Paul v. Shalala*, 29 F.3d 208, 210 (5th Cir. 1994).

     B.    <u>Five-Step Sequential Evaluation Process</u>

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process. *See* 20 C.F.R. § 404.1520, § 416.920(a)(4). The burden rests upon the plaintiff throughout the first four steps of this five-step process to prove disability, and if the plaintiff is successful in sustaining his burden at each of the first four levels, the burden then shifts to the Commissioner at step five. *Crowley v. Apfel*, 197 F.3d 194, 197-98 (5th Cir. 1999). First, plaintiff must prove he is not currently engaged in substantial gainful activity. 20

C.F.R. § 404.1527, § 416.920(a)(4)(i). Second, the plaintiff must prove his impairment or combination of impairments is "severe" in that it has more than a minimal effect on the claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1527, § 416.920(a)(4)(ii); *Stone v. Heckler*, 752 F.2d 1099 (5th Cir. 1985). At step three, the ALJ must conclude the plaintiff is disabled if he proves that his impairments meet or are medically equivalent to one of the impairments listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P. 20 C.F.R. § 404.1520(d), § 416.920(a)(4)(iii). Fourth, the plaintiff bears the burden of proving he is incapable of meeting the physical and mental demands of his past relevant work. 20 C.F.R. § 404.1520(e), § 416.920(a)(4)(iv). If the plaintiff is successful at all four of the preceding steps, the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that he is capable of performing other work. 20 C.F.R § 404.1520(f), § 416.920(a)(4)(v). If the Commissioner proves other work exists which the plaintiff can perform, the plaintiff must then prove that he cannot, in fact, perform that work. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002).

      C.      <u>Individual Issues Considered</u>

The pertinent regulation states that "[i]n deciding whether you are disabled, we [Social Security Administration] will always consider the medical opinions in your case record together with the rest of the relevant evidence we receive." 20 C.F.R. § 44.1527(b). Generally "a treating physician's opinion on the nature and severity of a patient's impairment will be given controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with . . . other substantial evidence." *Martinez v. Chater*, 64 F.3d 172, 175-76 (5th Cir. 1995). An ALJ may reject or assign little weight to the opinion of a

4

treating physician when good cause is shown; good cause may exist "where the treating physician's evidence is conclusory, is unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence." *Newton v. Afpel*, 209 F.3d 448, 456 (5th Cir. 2000) (internal citations omitted). In *Newton*, the Fifth Circuit held that, "absent reliable medical evidence from a treating or examining physician," the ALJ may reject a treating physician's opinion "only if the ALJ performs a detailed analysis of the treating physician's view under the criteria set forth in 20 C.F.R. § 404.1527(d)(2)," which is:

> (1) the physician's length of treatment of the claimant, (2) the physician's frequency of examination, (3) the nature and extent of the treatment relationship, (4) the support of the physician's opinion afforded by the medical evidence of record, (5) the consistency of the opinion with the record as a whole, and (6) the specialization of the treating physician.

*Id.* at 453.

The court has no doubt that the ALJ had every intention of reviewing pages 24-54 of the instant record, but – for reasons unknown – the ALJ was not privy to plaintiff's supplemental medical records. The Social Security Administration should be held to comply with its own regulations and, consequently, to consider fully all of the evidence submitted in this case. The fact that the evidence at issue was submitted post-hearing but in reliance upon an ALJ's promise that such evidence would be considered only bolsters the plaintiff's position. The statement by the Appeals Council in upholding the ALJ's decision that it had "considered the additional evidence" submitted by plaintiff is cursory at best and gives the court no guidance in reviewing its decision.

The unavoidable logic triggered by the instant situation is that there are treating physician opinions in the record which were not considered by the ALJ, much less given controlling weight

5

pursuant to *Newton* without the requisite good-cause showing. Assuming, *arguendo*, that the ALJ's failure to consider the two pages of updated opinions by treating physicians Drs. Thorderson and Rice would only rise to harmless error, the statements of treating physician Dr. Gore regarding plaintiff's mental impairment would have been essential to the ALJ's analysis as evidenced by this statement in his decision:

> With no medical evidence at all to support any severity of depression, however, the Administrative Law Judge has concludes [sic] that the claimant's depression does not impose more than a minimal effect on his ability to function. Further, even if the claimant's depression did impose such limitations, there is no corroboration of the clamant's claim that his depression has persisted for a continuous period of 12 months or so.

(R. at 14.)

The court recommends that this decision be remanded to the Commissioner so that an ALJ may examine the post-hearing supplementation and include this evidence within his analysis. Because the plaintiff's third issue essentially faults the ALJ for failing to include limitations within the hypothetical put before the vocational expert that stem from the ALJ's failure to consider the supplemental medical records, the court cannot render an opinion regarding the fifth step of the sequential evaluation at the present time.

## CONCLUSION

The undersigned recommends that the Commissioner's final decision be reversed and remanded as to both the plaintiff's claim for Social Security Disability Insurance under Title II and the plaintiff's claim for Supplemental Security Income benefits under Title XVI. The parties are referred to 28 U.S.C. §636(b)(1)(B) and FED. R. CIV. P. 72(b) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections

6

are required to be in writing and must be filed within ten (10) days of this date and "a party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court . . . ." *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*) (citations omitted).

    Respectfully submitted, this, the 6th day of November, 2006.

                                            /s/ S. ALLAN ALEXANDER
                                            UNITED STATES MAGISTRATE JUDGE